IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-06-585 (2) |
| | § | Cr. No. C-06-779 |
| SEFERINO DE LOS SANTOS, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO AMEND JUDGMENT

Pending before the Court is Defendant Seferino De Los Santos' letter motion to amend judgment. (D.E. 47.)[1] In it, De Los Santos explains that he was "confused" about his sentence during sentencing and thought his sentence was 120 months plus 7 months for his violation of his supervised release in Cr. No. C-06-779.[2] (D.E. 47 at 1.) He states that, after sentencing, he learned that he had actually been sentenced to 120 months in Cr. No. C-06-585 plus 37 months in his revocation case, to run consecutively. He also avers that, prior to sentencing, he had asked his attorney to request that his sentences run concurrent. In his motion, De Los Santos asks the Court to run his two sentences concurrently. (See D.E. 47 at 2.)

Although this motion has been docketed in Cr. No. 06-585, the judgment in that case is silent as to whether his 120-month sentence runs concurrently or consecutively to the revocation sentence. His sentence in the revocation proceedings (Cr. No. C-06-779), however, explicitly states that his

---

[1] Unless otherwise noted, docket entries refer to Cr. No. C-06-585.

[2] This criminal case number was assigned to proceedings initiated by the United States Probation Department seeking the revocation of De Los Santos' supervised release term. The original criminal case in which the supervised release term was imposed was Case No. 99cr46-7, out of the Northern District of Illinois, Eastern Division. This Court imposed sentence in his revocation proceedings on the same date and during the same sentencing hearing that it imposed sentenced in the instant case. (See Cr. No. 06-779, D.E. 5, 8.)

sentence runs consecutive to the sentence imposed in Cr. No. C-06-585. (D.E. 5, 8.)[3] Thus, the Court construes his motion as one to amend the judgment in Cr. No. C-06-779, and directs the Clerk to docket both his motion and this Order in both cases.

The revocation of supervised release is a sentence. See United States v. Moody, 277 F.3d 719 (5th Cir. 2001). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

De Los Santos fails to assert grounds for modification that fall into any of the categories above. Rather, he merely claims that he had hoped his sentences would be imposed concurrently and requests that the Court do so. The Court does not have authority to alter his sentence and his motion is DENIED.

For the foregoing reasons, De Los Santos' motion (D.E. 47) is DENIED.

ORDERED this 25th day of January, 2007.

_____
Janis Graham Jack
United States District Judge

---

[3] This is also consistent with the Court's oral imposition of sentence, which included the statement that his revocation sentence would run consecutive to his sentence in Cr. No. 06-585. (Digital Recording of December 12, 2006 Sentencing Proceeding at 2:09.)

2