**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-585 |
| | § | C.A. No. C-07-460 |
| SEFERINO DE LOS SANTOS, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTIONS FOR CLARIFICATION,
ORDER FOR RESPONDENT TO ANSWER,
AND ORDER ALLOWING MOVANT TO REPLY**

On December 4, 2007, the Clerk received Movant Seferino De Los Santos' ("De Los Santos") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 50). Also pending before the Court are two motions filed by De Los Santos seeking the same relief, i.e., essentially that his defense counsel be ordered to provide documents to assist De Los Santos in the prosecution of his § 2255 motion. (D.E. 49, 51.) Those two motions are DENIED WITHOUT PREJUDICE for the reasons set forth in the following section.

**I.     Motions for Clarification Seeking Specific Performance from De Los Santos' Defense Counsel, David Diaz**

On October 15, 2007, the Clerk received from De Los Santos a motion filed in Cr. No. 06-779, in which he requested certain documents from his court-appointed counsel, David Diaz, who represented him in both that case and the instant case. Magistrate Judge Brian L. Owsley held a hearing on that motion, during which De Los Santos indicated that he was actually seeking documents from Diaz in the instant case. Diaz indicated during the hearing that he had copies of certain documents, and that he would provide them to defendant. Magistrate Judge Owsley ordered

1

that those documents be provided to De Los Santos not later than Tuesday, October 30, 2007. (See October 26, 2007 Order from Magistrate Judge Owsley in Cr. No. 06-779.) The documents required to be provided were the indictment, plea agreement, Presentence Investigation Report with attachment and addendum, and the judgment. (Id.)

In the first of the two motions subsequently filed by De Los Santos, he admits that Diaz sent him "one envelope of scant contents" but complains that he did not receive items such as the Rule 11 plea hearing, grand jury testimony or discovery. (D.E. 49 at 2.) In the second, he complains that he did not receive transcripts, discovery, or "arrest and probable cause warrants and affidavits." (D.E. 51 at 2.) Of course, none of those items were ordered to be provided to him. Thus, De Los Santos has not alleged, let alone shown, that Diaz failed to provide any of the documents in his possession that he was required to provide. Accordingly, De Los Santos' motions for clarification (D.E. 49, 51) are DENIED WITHOUT PREJUDICE.

If there are additional documents that De Los Santos believes he needs in order to prosecute his § 2255 motion, he may file a motion requesting those documents from the Court. If he does so, the Court will consider his request for transcripts or other documents at that time.

## II.     Briefing Schedule for § 2255 Motion

Having reviewed De Los Santos' motion, the Court concludes that summary dismissal would not be proper. Accordingly, it is now ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address the effect of De Los Santos's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 27). In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes De Los Santos from bringing all of

the grounds in his motion. See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

If there are claims in his motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2006), De Los Santos may file a reply not later than thirty days after service of the government's answer.

ORDERED this 12th day of December, 2007.

_____
Janis Graham Jack
United States District Judge