IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-585 |
| | § | C.A. No. C-07-460 |
| SEFERINO DE LOS SANTOS, | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING IN PART AND GRANTING
IN PART MOTION FOR TRANSCRIPTS AND DOCUMENTS**

Seferino De Los Santos ("De Los Santos") filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, to which the Court has ordered the government to respond. (D.E. 50, 52). The government's response must be filed not later than February 11, 2008.

Prior to filing his § 2255 motion, De Los Santos filed a motion in a related criminal case seeking documents from his counsel. (See Cr. No. C-06-779, D.E. 9.) Magistrate Judge Owsley held a hearing on that motion, and ordered that De Los Santos' criminal counsel, David Diaz, provide copies to De Los Santos of the indictment, plea agreement, Presentence Investigation Report with attachment and addendum, and the judgment. (See October 26, 2007 Order from Magistrate Judge Owsley in Cr. No. 06-779.) These were the only documents that Mr. Diaz indicated he had in his possession.

Subsequent to that order, De Los Santos filed two motions for clarification in which he continued to seek additional documents from his counsel. (D.E. 49, 51.) Magistrate Judge Owsley denied one of these, in an order signed December 11, 2007 and entered December 13, 2007. (D.E. 53.)[1] On December 12, 2007,[2] this Court signed and entered an order denying both motions for

---

[1] De Los Santos has filed a Notice of Appeal and it appears that he is appealing from Magistrate Judge Owsley's order. (See D.E. 54.) The order he attempts to appeal from is not a final, appealable order,

1

clarification without prejudice. (D.E. 52.) The Court noted that De Los Santos was complaining about Diaz's failure to provide documents such as items such as transcripts, including his rearraignment transcript, grand jury testimony, discovery, and "arrest and probable cause warrants and affidavits" (D.E. 52 at 2 (citing D.E. 51 at 2 and D.E. 49 at 2).), documents which Diaz stated he did not have and which were never ordered to be provided to De Los Santos. The Court's Order continued:

> If there are additional documents that De Los Santos believes he needs in order to prosecute his § 2255 motion, he may file a motion requesting those documents from the Court. If he does so, the Court will consider his request for transcripts or other documents at that time.

(D.E. 52 at 2.)

On January 14, 2008, the Clerk received from De Los Santos a letter motion addressed to the Clerk, in which he seeks copies of the following documents in order to assist in prosecuting his § 2255 motion:

1. Rule 11 guilty plea collilquy [sic];
2. Grand jury transcripts;
3. Sentencing transcripts;
4. Government's discovery package; and
5. Arrest warrent [sic] affidavit

(D.E. 58 at 1.)

Since De Los Santos filed his motion requesting these documents, his rearraignment and sentencing transcripts, ordered by the government in order to respond to De Los Santos' § 2255

---

and neither this Court nor Magistrate Judge Owsley has stated that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," such that an application for interlocutory appeal would be proper. See 28 U.S.C. § 1292(b). Accordingly, his appeal will likely be dismissed by the Fifth Circuit for lack of jurisdiction.

[2] Since Magistrate Judge Owsley's order denying one of De Los Santos' motions had not yet been entered at the time this Court ruled on both motions, this Court was unaware of it.

motion, have been filed with the Clerk. The Court finds that De Los Santos is entitled to copies of these two transcripts, because the Court will likely utilize them in ruling on his § 2255 motion. See 28 U.S.C. § 753(f) (an indigent defendant is entitled to transcripts at government expense if the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous). Accordingly, his motion is GRANTED insofar as it seeks copies of his rearraignment and sentencing transcripts. The Clerk is directed to provide copies of the sentencing and rearraignment transcripts to De Los Santos at no charge.

The remaining documents that De Los Santos seeks are not on file with the Clerk and he has not alleged or shown why they are relevant to his § 2255 motion. Thus, his motion is DENIED as to items 2, 4, and 5 above.

## CONCLUSION

For the reasons set forth above, De Los Santos' motion is GRANTED IN PART and DENIED IN PART. It is granted insofar as it requests copies of his rearraignment and sentencing transcripts at government expense, and the Clerk is directed to send copies of those transcripts to him.

It is so ORDERED this 5th day of February, 2008.

_____
Janis Graham Jack
United States District Judge